**In re John Michael BARNCASTLE, Debtor.**

**Bankruptcy No. 80–01509–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

Jan. 15, 1981.

Bernard I. Rappaport, Miami, Fla., for debtor.

Jeanette Tavormina, Miami, Fla., trustee.

## ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

JOSEPH A. GASSEN, Bankruptcy Judge.

This matter came before the court on December 29, 1980 to consider confirmation of the debtor's chapter 13 plan.

The chapter 13 plan as submitted proposes to pay unsecured creditors fifty percent of their claims. All debts being considered as unsecured by the debtor in his plan total less than $3,000. His assets exceed $10,000 in value.

■ Therefore, the proposed chapter 13 plan cannot be confirmed by reason of the provisions of 11 U.S.C. § 1325(a)(4) which require that the value of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7.

■ The debtor in his schedule B–4 has attempted to claim the almost $12,000 equity in his residence, his equity in a 1978 Mercury Cougar, and his clothing as exempt under Article 10, Section 4 of the Florida Constitution. However, that exemption requires that the debtor be the head of a family. The court finds that the debtor's claim to be the head of a family within the Florida constitutional provision is erroneous.

The debtor asserts that the "family" of which he claims to be "head" consists of himself and one Jane Mower, whom he identifies as his fiancee, and her child, Michelle Mower, who live with him in his home and whom he supports. He does not maintain that there is any legal family which he has a legal or moral obligation to support. No evidence has been presented from which the court might conclude that there is any legal or moral obligation upon the debtor to support either Jane Mower or her child.

Debtor in his memorandum of law in support of confirmation of the plan notwithstanding these circumstances, misplaces his reliance upon *In Re Kionka's Estate*, 113 So.2d 603 (Fla. 2d DCA 1959). The holding of the Second District Court of Appeals in that case which was affirmed by the Supreme Court of Florida at 121 So.2d 644 makes it clear that the "moral" obligation must be more than the fleeting desire and intention of the giver and the recipient of such support.

In this case, the fragility of the *alleged* "moral" obligation precludes the debtor from head of family status. If either the debtor or Jane Mower should marry someone else or if either should tell the other to "get lost", the support pattern would quickly terminate.

Debtor further suggests that the recent so-called "palimony" cases now being litigated in some jurisdictions would form a basis for finding the necessary moral obligation in the instant case to enable the debtor to qualify as "head of a family". However, the debtor does not furnish us any authorities upon which he or we might rely. Press accounts of the so-called "palimony" cases seem to indicate that where the plaintiffs are deemed to have a cause of action it is on the basis of some express or implied contract. That is not the issue here where we are determining only whether debtor is "head of a family."

While many of the Florida cases have been quite liberal in defining the head of a family for exemption and other purposes, the court is aware of no case the ruling in which would be sufficiently liberal to bring the debtor in this case within the "head of family" definition. Debtor suggests that that which was formerly considered "immoral" [as well as illegal (§ 798.02 F.S.A.)] should now be decreed to be the basis of a "moral obligation" by this court. This we decline to do. It is, therefore,

ORDERED and ADJUDGED that confirmation of the chapter 13 plan of the debtor herein be, and it is hereby, denied.